UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **JOSEPH SILVA,** *Plaintiff,* v. **CLARITY SERVICES, INC.,** *Defendant.* | Case No: 6:24-cv-1057 **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Joseph Silva ("**Mr. Silva**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Silva against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

Page 1 of 12

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Seminole County, which is in the Middle District of Florida.

## PARTIES

5. **Mr. Silva** is a natural person residing in Lake Mary, Seminole County, Florida.

6. At all relevant times, Mr. Silva was residing in Lake Mary, Seminole County, Florida.

7. Mr. Silva is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

8. **Clarity** is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

9. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301.

10. Clarity is a *Credit Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Mr. Silva

11. At some point in or around July 2020, Clarity began maintaining a credit file on Mr. Silva. **SEE PLAINTIFF'S EXHIBIT A.**

12. Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells, as detailed below.

13. Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

14. On or about February 19, 2023, Clarity reported a $0 income for Mr. Silva. *Id.*

15. This information is false and defamatory, as it implies Mr. Silva was unemployed for a period of time without any income, when he was employed and drawing income.

16. Clarity's reporting of "$0.00" was not a result of a furnisher indicating as much to Clarity, but instead was a placeholder value since "Stellantis Financial Services Inc," ("**Stellantis**") the source of information, either failed to report any income information, or reported data in a format incompatible with Clarity's automated systems.

17. Despite reporting Mr. Silva made no money whatsoever and was presumable unemployed, Clarity's furnisher of information, **Stellantis** also reported

Mr. Silva had been on-the-job for 111 months at his employer, which it also identified as Inyo Pools, Inc. *Id.*

18. As is virtually axiomatic, a person reported with more than a 9-year length of job history with the same employer would not have a net monthly income of $0.

19. Indeed, even a cursory examination of Mr. Silva's Clarity file reveals Clarity's lack of standards concerning its reporting of income, employment, and other personal information.

20. This is nonsensical data that Clarity should be well-aware cannot be true.

21. Records from Clarity show it sold at least 6 reports regarding Mr. Silva in the past two years.

22. Each of these reports contained the inaccurate employment history and income history.

23. Indeed, Clarity frequently reports lengths of employment that exceed 1 million years, lengths of residential history that exceed 1 million years, and other information clearly false.

24. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

25. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Silva.

26. Clarity was thus aware that when it sold reports on Mr. Silva in the last two years that it was selling data which was in some cases clearly erroneous and nonsensical and other information it knew it had gathered without regard to accuracy or completeness.

**Clarity's May 2, 2024, Disclosure to Mr. Silva**

27. On May 2, 2024, Mr. Silva requested his Clarity consumer credit disclosure.

28. Upon receipt of Mr. Silva's request, Clarity was required to "clearly and accurately" disclose all information in Mr. Silva's file at the time of his request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose*. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

29. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

30. Frequently, Clarity fails to fulfill its legal obligations to disclose this data, often disclosing incomprehensible combinations of letters as the purported end user of its consumer reports.

31. Clarity disclosed a pair of hard inquiries to Mr. Silva on July 19, 2023, as such:

32. Clarity disclosed four potential end-users for a single credit application.

33. Clarity does not provide consumers with a guide or legend to assist in decoding its inquiries.

34. Clarity failed to provide the full names of each potential end-user, therefore not properly identifying the entity obtaining Mr. Silva's credit report.

35. As a result of the Defendant's actions, Mr. Silva has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

36. Mr. Silva has also been denied information he is legally entitled to – the full identity of the end-user of his consumer reports.

37. Mr. Silva has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

38. Mr. Silva adopts and incorporates paragraphs 1 – 37 as if fully stated herein.

39. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Silva when Clarity sold consumer reports which included the incorrect reporting of his income and work history.

40. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with wildly inaccurate employment and income information.

41. Clarity's conduct was thus willful, or done with a reckless disregard for Mr. Silva's rights under the FCRA.

42. As a result of its conduct, Clarity is liable to Mr. Silva pursuant to the FCRA for the greater of Mr. Silva's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Silva respectfully requests this Honorable Court enter judgment against Clarity for:

    a. The greater of Mr. Silva's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

43. Mr. Jagoda adopts and incorporates paragraphs 1 – 37 as if fully stated herein.

44. Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify the full name of each person, including the end-user, when applicable, that procured Mr. Silva's consumer report during the one-year period preceding the date on which the request was made.

45. Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose the end-users of its consumer reports.

46. Clarity's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

47. As a result of its conduct, Clarity is liable to Mr. Silva pursuant to the FCRA for the greater of Mr. Silva's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Silva respectfully requests this Honorable Court enter judgment against Clarity for:

a.  The greater of Mr. Silva's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this June 7, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar Number: 1022866
BScarangella@SeraphLegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A.   Plaintiff's Clarity Disclosure, May 2, 2024, the Account - Excerpt